USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

RAYMUNDO VASQUEZ ANGEL, et al., :

                     Plaintiffs,    :    14 Civ. 6035 (HBP)

   -against-                         :    OPINION
                                          AND ORDER
HARVEST C-FOOD INC., doing    :
business as "Harvest Chinese
& Thai Cuisine," et al.,      :

                     Defendants.    :

------------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve the settlement reached in this matter. The application was made orally after the conclusion of a settlement conference held on October 19, 2015 at which I presided. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action for allegedly unpaid wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiffs also assert claims based on defendants' alleged failure to provide a variety of notices required by New York State law and claims based on certain work-related expenses that plaintiffs claim they were improperly required to pay themselves.

Plaintiffs were formerly employed by the defendant restaurant performing food prep work and making deliveries. Exclusive of liquidated and statutory damages, plaintiffs claim they are owed in total approximately $125,000. Plaintiff's claim is based entirely on their own testimony. Although the parties dispute the number of hours actually worked by plaintiffs, it appears that defendants have no defense to a substantial portion of plaintiffs' claims. Defendants paid plaintiffs a reduced hourly rate based on the tip credit, and there is no real factual dispute that defendants were not entitled to the benefit of the tip credit. Neither side has any record of the hours worked by plaintiffs.

The gross settlement amount is $30,000.00.[1] The foregoing settlement was reached after a lengthy settlement conference attended by counsel for both sides and the principals. The settlement conference was held after the trial of the case had commenced.

---

[1] The parties agreed that $10,000.000 of this sum will be paid by November 19, 2015 and the balance paid in monthly installments in the amount of $1,818.18 beginning thirty days thereafter. The parties further agreed that the settlement amount will be secured by a confession of judgment in the amount of $60,000 less payments actually made. Thus, if defendants fail to pay the settlement amount, they will suffer a judgment that is twice the settlement amount.

2

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir.1982).

Although the amount of the settlement is modest, I conclude that it is, nevertheless, fair and reasonable. The defendant restaurant is operated by a married couple who immigrated to the United States from China in 2010. The restaurant was opened in 2012 with money its owners borrowed from friends and relatives in China. According to defendants, their expenses are very high and the couple earn a total of $4,000 per month. Of this sum, approximately $3,000 is required to pay for childcare, rent and food. In addition, defendants claim a substantial debt ($50-60,000) is still owed to the individuals who provided the money to open the restaurant.

3

This is a fairly sad case in which plaintiffs have no viable alternative to the modest settlement defendants are able to fund. If the case were to proceed to verdict, plaintiffs would probably be entitled to judgment substantially in excess of $30,000, but that judgment would probably be uncollectable. Whatever liquid assets the defendants have would be consumed by their own attorney's fees, and plaintiffs would effectively be left with nothing. Defendants' poverty leaves plaintiff with no good choice. Although the settlement will not come close to making plaintiffs whole, it appears to be the only rational alternative and appears to be the course of action that minimizes the injury suffered by plaintiffs.

For all the foregoing reasons, I find that the settlement is reasonable in light of the extremely limited assets available to defendants and the likelihood that proceeding to verdict will only provide the plaintiffs with an uncollectable verdict. I, therefore, approve it. <u>Reyes v. Altamarea Group,</u>

LLC, 10 Civ. 6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.)

Dated:  New York, New York
        November 5, 2015

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

5