UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAYMUNDO VASQUEZ ANGEL, LEONEL DE LOS SANTOS, LEO VASQUEZ, and CHRISTIAN DURAN,

                    Plaintiffs,

      -against-

HARVEST C-FOOD INC. (d/b/a Harvest Chinese & Thai Cuisine), and XIAO FENG ZOU,

                    Defendants.

14-Cv-6035 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    This is a collective action brought by former delivery workers against defendant Harvest C-Food, Inc., an Asian restaurant operating as "Harvest Chinese & Thai Cuisine," and its owner, Xiao Feng Zou. Plaintiffs Raymundo Vasquez Angel, Leonel De Los Santos, Leo Vasquez, and Christian Duran bring minimum wage and overtime pay claims pursuant to the Fair Labor and Standards Act, 29 U.S.C. §§ 206, 207, 216, as well as additional claims brought pursuant to New York state labor laws and regulations. Plaintiffs asserted federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the basis for subject matter jurisdiction. This action was tried before the Court on October 19, 2015. One issue for resolution at trial was whether plaintiffs' failure to prove that defendant Harvest C-Food made at least $500,000 in annual gross sales deprived this Court of jurisdiction to hear the action.

    **I.  BACKGROUND**

    Plaintiffs contend that the terms of the FLSA apply to them because they are employed by an enterprise "that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate] commerce by any person," and "whose annual

gross volume of sales made or business done is not less than $500,000." *See* 29 U.S.C. §§ 203(b), 203(s)(1)(A), 206(a), 207(a)(1).

Defendants contend that this action may be heard only in New York state court because plaintiffs have failed to prove by a preponderance of the evidence that Harvest has met the $500,000 annual gross sales threshold and, therefore, the Court lacks subject matter jurisdiction over the FLSA claims and, in turn, supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367. Plaintiffs counter that the FLSA's enterprise coverage requirement goes to the merits of the FLSA claims, and even if Harvest fails to satisfy the $500,000 threshold, the Court retains subject matter jurisdiction over the remaining state law claims by way of supplemental jurisdiction.

## II. Discussion

There is an apparent division among the U.S. Courts of Appeal and among the district courts within the Second Circuit as to whether or not the $500,000 requirement is a jurisdictional requirement. *See infra* pp. 3–4. This Court concludes that the divergence of approaches is largely illusory and that the $500,000 requirement is not jurisdictional.

Since the U.S. Supreme Court's decision in *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006), it has become increasingly clear that the FLSA's enterprise coverage requirement of $500,000 in gross annual sales is not jurisdictional for the following reasons. The question for resolution in *Arbaugh* was "whether the numerical qualification contained in Title VII [of the Civil Rights Act of 1964]'s definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." 546 U.S. at 503. The Supreme Court laid down a template for answering that question as follows: "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. . . . But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 515–16 (footnote and citation omitted). Similar to the Title VII requirement at issue in *Arbaugh*, the FLSA's $500,000 requirement is not jurisdictional

because it is in a separate provision that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

As noted above, in *Arbaugh*, the Supreme Court considered whether the employee-numerosity requirement in Title VII of the Civil Rights Act of 1964 was an element of a claim for relief or a jurisdictional requirement. *Id.* at 503. That statute made it unlawful "for an employer . . . to discriminate" on the basis of sex. *Id.* (quoting 42 U.S.C. § 2000e-2(a)(1)). A separate provision limited the definition of "employer" to only those having "fifteen or more employees" and yet another provision empowered federal courts to adjudicate civil actions "brought under" Title VII. *Id* (quoting 42 U.S.C. §§ 2000e(b), 2000e-5(f)(3)). The Supreme Court concluded that in contrast to statutes which explicitly refer to jurisdiction or other jurisdictional statutes,[1] Title VII's employee-numerosity requirement did not refer to jurisdiction in any way and was therefore not a jurisdictional prerequisite. *Id.* at 515–16.

Virtually all of the circuit courts and those district courts in the Second Circuit that have explicitly considered whether the FLSA's $500,000 requirement is jurisdictional agree that it is a requirement that goes to the merits of a claim and is not jurisdictional. *See, e.g., Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007); *Chen v. New 9th Ave. Pearl on the Sushi Inc.*, No. 14-cv-580, 2015 WL 3947560, at *3 n.3 (S.D.N.Y. June 29, 2015); *Azeez v. Ramaiah*, No. 14-cv-5623, 2015 WL 1637871, at *2 (S.D.N.Y. April 9, 2015); *Suggs v. Crosslands Transp., Inc.*, No. 13-cv-6731, 2015 WL 1443221, at *3 n.2 (E.D.N.Y. Mar. 27, 2015); *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 344–45 (E.D.N.Y. 2014); *Li v. Zhao*, 35 F. Supp. 3d 300, 305 (E.D.N.Y. 2014); *Lin v. Yeh's Bakery, Inc.*, No. 12-cv-2146, 2013 WL 867436, at *2 (E.D.N.Y. Mar. 7, 2013); *Monterossa v. Martinez Rest. Corp.*, No. 11-cv-

---

[1] *See, e.g.*, 28 U.S.C. § 1348 ("The district courts *shall have original jurisdiction* of any civil action commenced by the United States . . . against any national banking association.") (emphasis added); 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought *under section 1331 or 1346 of Title 28* to recover on any claim arising under this subchapter) (emphasis added).

3

3689, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012); *Jia Hu Qian v. Siew Foong Hui*, No. 11-cv-5584, 2012 WL 1948820, at *2–3 (S.D.N.Y. May 30, 2012);  *Benitez v. F & V Car Wash, Inc.*, No. 11-cv-1857, 2012 WL 1414879, at *1 (E.D.N.Y. April 24, 2012); *Zaldivar v. Anna Bella's Café, LLC*, No. 11-cv-1198, 2012 WL 642828, at *3 (E.D.N.Y. Feb. 28, 2012); *Jackson v. Computer Confidence, Inc.*, No. 09-cv-6057, 2010 WL 681228, at *1–2 (W.D.N.Y. Feb. 23, 2010); *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 300–02 (E.D.N.Y. 2009); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 330–33 (S.D.N.Y. 2002).

In addition, those circuit and district court opinions that have referred to the FLSA's $500,000 requirement as jurisdictional either pre-date *Arbaugh* or are perhaps best described as "drive-by jurisdictional rulings" that do not "explicitly consider[] whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim."  *See Arbaugh*, 546 U.S. at 511; *see, e.g.*, *Brock v. Exec. Towers, Inc.*, 796 F.2d 698, 701 (4th Cir. 1986) (per curiam); *Dunlop v. Ashy*, 555 F.2d 1228, 1230 (5th Cir. 1977); *Brennan v. Dillion*, 483 F.2d 1334, 1335 (10th Cir. 1973); *Zhao v. Sunny 39 Hotel Corp.*, No. 14-cv-1847, 2015 WL 5307716, at *3 (E.D.N.Y. Sept. 10, 2015); *Avelar v. Ed Quiros, Inc.*, No. 13-cv-7017, 2015 WL 1247102, at *4–5 (E.D.N.Y. Mar. 18, 2015); *Kasraie v. Jumeirah Hosp. & Leisure (USA), Inc.*, No. 12-cv-8829, 2013 WL 5597121, at *6 (S.D.N.Y. Oct. 10, 2013); *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 84, 90 (E.D.N.Y. 2010); *Lamont v. Frank Soup Bowl, Inc.*, No. 99-cv-12482, 2001 WL 521815, at *2–3 (S.D.N.Y. May 16, 2001); *Boekemeier v. Fourth Universalist Society in New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000).  As Justice Ginsburg wrote in *Arbaugh*, such rulings "should be accorded 'no precedential effect' on the question [of] whether the federal court ha[s] authority to adjudicate the claim in suit."  546 U.S. at 511; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998); *Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996); *Fed. Election Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 97 (1994); *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952).

### III.  CONCLUSION

This Court therefore concludes that the FLSA's $500,000 gross annual sales requirement for an "[e]nterprise engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 203(s)(1)(A)(ii), is not a

4

jurisdictional requirement and that any failure to prove that Harvest earns $500,000 or more in gross annual sales would not divest the Court of subject matter jurisdiction. Instead, it would simply mean that plaintiff had failed to meet its burden of proof on its FLSA-based claims.

Dated: New York, New York
       November 16, 2015

SO ORDERED:

Sidney H. Stein, U.S.D.J.

5